**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MOHAMED YOUNIS ALI,<br>Petitioner,<br>v.<br>WARDEN FCI VICTORVILLE II,<br>Respondent. | Case No. 5:25-cv-03612-SPG-SK<br>**ORDER ACCEPTING REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE** |

Pursuant to 28 U.S.C. § 636, the Court has reviewed the Petition for Writ of Habeas Corpus by a Person in Federal Custody, the records on file, and the Report and Recommendation of the United States Magistrate Judge ("Report"). Further, the Court has engaged in a *de novo* review of those portions of the Report to which objections may have been made.

Upon considering Plaintiff's claims under the First Step Act (FSA) and the Second Chance Act (SCA), the Report recommends the dismissal of the Petition without prejudice. (R. & R., ECF No. 27.) The Report recommends dismissal for multiple reasons, including Petitioner's concession that he is not eligible for relief under the FSA, the lack of ripeness of the SCA claim, and the lack of administrative exhaustion. (R. & R.) Petitioner's objections, which focus almost

entirely on the exhaustion issue, do not merit a different result. (Pet'r's Obj. ("Obj."), ECF No. 31.)

First, Petitioner objects that the Magistrate Judge erred by recommending dismissal for failure to exhaust administrative remedies. (Obj. at 7–8.) Specifically, Petitioner alleges that he properly submitted his BP-8 and BP-9 forms to Counselor Adkins, who then failed to enter the grievances into the Administrative Remedy Program of the Bureau of Prisons (BOP). (Obj. at 8.) As support, Petitioner points to a BOP Memorandum purporting to show that he did attempt to exhaust his administrative remedies. (Obj. at 8, 19.) The genuineness of the Memorandum is questionable because it contains grammatical errors and presents a legal conclusion—that Petitioner "did exhaust his [a]dministrative remedy because it was no fault of his own"—that would not be expected in such a Memorandum. (*See* Obj. at 19.) Even so, Petitioner fails to overcome the Report's analysis that, regardless of whether Petitioner exhausted his administrative remedies, his two claims should be dismissed for other reasons. The FSA claim should be dismissed because Petitioner conceded he is no longer disputing FSA credits. (R. & R. at 1; *see also* Pet'r's Mot. in Opp. to Resp't's Mot. to Dismiss ("Pet'r's Opp.") 13, ECF No. 11.) The SCA claim should be dismissed because it was not properly raised in the Petition and is not ripe. (R. & R. at 2.) Petitioner does not convincingly address these other reasons.

Second, Petitioner objects that, under Supreme Court precedent, an inmate need not exhaust administrative remedies that prison officials make unavailable. (Obj. at 8–9.) But Petitioner bears the burden of showing that the exhaustion requirement should be waived. *See Estabilio v. Derr*, No. 23-00021 JAO-RT, 2023 WL 3060594, at *3 (D. Haw. Apr. 24, 2023) ("The petitioner-inmate bears the burden of proving the futility exception."). Here, Petitioner has not shown that administrative remedies were made unavailable to him. *See Nishida v. Ricolcol*, No. ED CV 24-02495-SSS (DFM), 2025 WL 3691708, at *3 (C.D. Cal. Dec. 11,

2025) ("Petitioner's 'conclusory allegations that exhaustion would be futile are unpersuasive and insufficient to excuse her failure to exhaust administrative remedies.'" (quoting *Leon v. Copenhaver*, No. C–09–4695 TEH (PR), 2009 WL 3706939, at *1 (N.D. Cal. Nov. 3, 2009))), *report and recommendation adopted*, 2026 WL 228015 (C.D. Cal. Jan. 27, 2026). Nor has Petitioner convincingly addressed the other reasons, independent of exhaustion, why the Report recommends the dismissal of his claims.

Petitioner next objects that he exercised reasonable diligence throughout the administrative process by submitting his grievances through the appropriate BOP channels. (Obj. at 9–10.) This objection is duplicative of the two objections above and does not call for a different result.

Petitioner disputes that the Report improperly resolves disputed factual issues against him. (Obj. at 10–11.) Specifically, Petitioner objects that the "Report does not explain why Petitioner's evidence should be rejected, instead it effectively accept[s] the government's factual position [as to exhaustion] without resolving the credibility dispute presented by the record." (Obj. at 11.) The only evidence of exhaustion that Petitioner presented, however, suggests an incomplete exhaustion process, not an unavailable one. As the Report found, even if Petitioner has "*started* to exhaust his remedies[,] ([Pet'r's Opp.] at 4, 8, 16–21, 35, 56–58), he must see those efforts through to completion." (R. & R. at 2.)

Petitioner further objects that excusing exhaustion would further the purpose of the doctrine by ensuring that he is not deprived of judicial review. (Obj. at 11–12.) As explained above, Petitioner has not shown why the exhaustion requirement should be excused. Even so, it is not clear that judicial review would serve any purpose in this case. Because Petitioner is no longer pursuing his FSA claim, the only claim for which he could be seeking judicial review is his SCA claim. (Pet'r's Opp. at 13.) As the Report found, judicial review is unavailable because the SCA claim is unripe. (R. & R. at 2.) Furthermore, the relief Petitioner seeks is an order

mandating his release to a residential reentry center, (Pet. for Writ of Habeas Corpus ("Pet.") 20, ECF No. 1), which the Court would have no authority to grant under the SCA. *See Noya-Rodriguez v. Birkholz*, No. 2:24-cv-00559-CAS-BFM, 2024 WL 3009317, at *1 n.1 (C.D. Cal. May 10, 2024) (Petitioner "is correct that the Court lacks authority to order the BOP to place him in an RRC under the Second Chance Act."), *report and recommendation adopted*, 2024 WL 3557432 (C.D. Cal. July 16, 2024).

Petitioner objects that the Report failed to liberally construe his *pro se* Petition. (Obj. at 12–13.) The liberal construction that Petitioner argues he was denied is the construction of his Petition as raising a claim under the SCA. Even with liberal construction, the Court agrees with the Report that the Petition does not clearly state a claim under the SCA. (Pet. at 6–7, 12–13.) Even so, the Report did consider the SCA claim and recommended that it be dismissed for reasons unrelated to improper pleading, including mootness and failure to exhaust. (R. & R. at 2.) Relatedly, Petitioner objects that the original Petition provided notice of his prerelease placement claim under the SCA. (Obj. at 13–14.) This objection is duplicative of the prior objection and does not support a different result.

Petitioner claims that the Report overlooks the substance of his claim under the SCA. (Obj. at 14–15). As the Report found, the SCA claim is not ripe. (R. & R. at 2.) Because the claim is not ripe, the Court "ought not resolve issues 'involv[ing] contingent future events that may not occur as anticipated, or indeed may not occur at all.'" *Clinton v. Acequia, Inc.*, 94 F.3d 568, 572 (9th Cir. 1996) (quoting *Thomas v. Union Carbide Agric. Prods. Co.*, 473 U.S. 568, 580–81 (1985)). Moreover, as explained above, the Court would be unable to grant the relief Petitioner seeks, which is an order releasing him to a residential reentry center.

Petitioner next asserts that the Court should consider the entire record. (Obj. at 16.) The parts of the record that Petitioner objects should be considered are the

parts that, according to him, show (1) he was prevented from exhausting his administrative remedies, and (2) the BOP initiated the pre-release placement process to a residential reentry center. (Obj. at 16.) As to the first point, the Court agrees with the Report that the record shows, at most, that Petitioner initiated the administrative exhaustion process but did not complete it. (R. & R. at 2.) As to the second point, as explained above, the Court would be unable to order the BOP to release Petitioner to a residential reentry center.

Finally, Petitioner objects that equity favors allowing his case to proceed. (Obj. at 17.) The Court disagrees. As explained above, Petitioner's only remaining claim, under the SCA, is not ripe, and the Court would be unable to grant the relief that Petitioner seeks for that claim.

**ORDER**

It is ordered that (1) the Report and Recommendation is accepted and adopted: (2) Respondent's motion to dismiss the Petition is granted; and (3) this action is dismissed without prejudice.

DATED: November 2, 2026

HON. SHERILYN PEACE GARNETT
UNITED STATES DISTRICT JUDGE